# Richmond

## W. J. COULTER v. J. S. GILLIO.

March 12, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Kirsh & Bazile,* for the plaintiff in error.

*Thomas A. Williams,* and *L. C. O'Connor,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This is a controversy between partners over the settlement of partnership accounts, and a sale by one partner to another of part of the equipment, furniture, and fixtures used in the partnership business.

W. J. Coulter was the president and owner of all the stock of the Broad Street Amusement Corporation. Coulter, or his corporation, conducted a dance hall, a restaurant, and possibly other forms of amusement, at a place on Broad street, in or near the city of Richmond, known as Tantilla Gardens. Sometime in May, or early in June, 1933, he formed a partnership with one J. C. Gillio, for the purpose of operating the restaurant at the place of amusement.

Under the terms of the verbal partnership agreement Gillio assumed full charge of conducting the restaurant, using such equipment as Coulter then had on the premises, and acquiring at his own expense other equipment deemed necessary.

The venture seems to have been profitable from its inception. For the first two months each partner received some $400 in profits. Sometime in August, 1933, Coulter decided to terminate the partnership, and gave verbal notice through a third party to Gillio, who apparently recognized the fact that it was a partnership at will, with the right in either partner to compel a dissolution.

After receiving this notice Gillio sought and obtained a conference with Coulter for the purpose of settling the partnership affairs. At this interview, which was held in the presence of several persons other than the partners, Gillio made no claim to the furniture and equipment on the premises at the time he took charge, but he did claim

all the furniture and equipment furnished by him. Gillio and his witnesses stated that it was agreed that the partnership should divide equally the money in bank, deposited to the credit of Gillio, but owned by the firm; that Coulter should purchase from Gillio all of the equipment furnished by the latter, and used in the business, at the inventory price, plus $500, and that an inventory of the articles claimed by Gillio should be taken the following day, in the presence of the partners, or someone representing them.

Coulter and his witnesses admitted that the terms of the settlement were as stated by Gillio, except that Coulter did not agree to pay Gillio the $500, but he did agree to purchase Gillio's interest in the equipment, used by the partnership, at the inventory price. There was no dispute as to the fact that on the day after this interview the inventory was taken, and it showed the cost price of the articles enumerated to be $792.79.

On this conflict in the evidence the jury returned a verdict for the full amount of Gillio's claim, which verdict was approved by the trial court.

■■ The only assignment of error is to the refusal of the trial court to give instructions A, C, and D, as requested by defendant. Instruction A simply informed the jury that under a partnership at will either party had a right to terminate it at any time. Instructions C and D, in effect, told the jury that even if they believed that Coulter promised to pay Gillio the $500, there was no consideration for the promise. On this phase of the case the trial judge, in a written opinion, said: "Instruction A dealt with the time a partnership might be terminated. That was not an issue in this case nor does it seem to have been seriously contended that the partnership could not be terminated at any time. To have given this instruction would have unduly emphasized a matter that was not an issue in this case and in no sense decisive, but by giving the instruction the jury might have been misled into thinking that it was decisive of the case. Instruction C did not

cover a theory advocated by either party. It failed to deal with the issue in this case and was properly refused, and so with instruction D. Both parties agreed that the partnership could be settled by dividing the accumulated profits and the defendant taking personal property on the premises belonging to the plaintiff at inventory prices. The conflict in the testimony was whether or not the defendant was to pay $500 in addition. A contract must be based on a valuable consideration. In this case both parties agreed that there was a contract. The several items of consideration are so interwoven that it is impossible from the evidence to segregate them and say that a part of the consideration, or any particular item, emanating from one party, was solely applicable to any particular item, or any part of the consideration, emanating from the other party. The consideration must be read as a whole. I do not think that the defendant was entitled to the instructions refused."

In these conclusions we concur.

*Affirmed.*